THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ANTONIO RÍOS FERNANDINÍ, Defendant and Appellant.

Nos. CR-65-18–65-20.    Decided November 17, 1965.

*José Rafael Gelpí* and *Manuel Abréu Castillo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

### JUDGMENT

Appellant was convicted of the crime of robbery, Case No. 65-18. He was also convicted of carrying and possessing weapons, Cases Nos. 65-19 and 65-20. In the cases of carrying and possession of weapons appellant's counsel filed a motion in the court stating that he had nothing to allege for the reversal of the judgments. It was ordered that notice of said motion be served on appellant and there is proof of said service in the record. Judgments of conviction for violation of the Weapons Law will be affirmed.

On appeal of Case No. 65-18 appellant raises as the only error that the information does not state facts constituting the crime of robbery. The information charges him with the taking of a handbag containing about $40 which was in the

possession of Hilda Inés Canine, in the immediate presence of the victim and by means of force, violence, or fear, and against said victim's will.

Section 238 of the Penal Code defines the crime of robbery as the felonious taking of personal property *in the possession* of another, from his person or immediate presence and against his will, accomplished by means of force or fear. In accordance with the foregoing definition of robbery it is beyond question that the information contained sufficient facts to charge as a question of law the commission of the crime of robbery. Appellant contends, however, that § 238 of the Penal Code is an erroneous translation of the definition of the crime of robbery as the same is defined in the English version of the said § 238, which is identical with the definition of robbery of § 211 of California when we adopted said Code. The point lies in that in the English version of § 238 and in § 211 of California it is said "personal property in the possession of another," and the Spanish version says *"bienes muebles pertenecientes a otro"* (personal property belonging to another).

The Spanish version of § 238 possibly is not the most accurate literal translation of the English text, but essentially there does not exist a difference of such a nature as to make the Spanish version charge a different crime from that of the English version or not charge any crime. The term *"perteneciente a otro"* used in the Spanish text includes in its general sense the possession in another person. The important thing is that the property does not belong to the defendant himself.

After examining the information we have no doubt that it properly informed appellant of the commission of a crime of robbery against which he should defend himself, in distinction from a charge of larceny. In our opinion the error assigned is untenable. The judgment in case No. 65-18 for the crime of robbery will be affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Acting Secretary*